IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

LUKE D. PATTERSON

      **Plaintiff,**

v.                                                                                   CIVIL ACTION NO.: 3:20-CV-74
                                                                                      (GROH)

UNITED STATES OF AMERICA,

      **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 30, 2020, the *pro se* Plaintiff, a federal prisoner incarcerated at Gilmer FCI in the Northern District of West Virginia, initiated this case by filing a complaint. ECF No. 1.[1] Following the issuance of a notice of deficient pleading, the Plaintiff refiled his complaint on the Court-approved form and a memorandum of law on May 21, 2020. ECF Nos. 5, 5-1. Plaintiff claims he is entitled to damages pursuant to the Federal Tort Claims Act for acts which allegedly occurred while Plaintiff was incarcerated at Gilmer FCI. Plaintiff paid the initial partial filing fee on June 18, 2020. ECF No. 13.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-74, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Claims in the Complaint

The complaint alleges that employees of the United States of America committed the following tortious acts against Plaintiff: (1) defamation of Plaintiff's character by accusing Plaintiff of stealing, without proof to support the accusation; (2) terminating Plaintiff's institutional employment based on that accusation; and (3) refusing Plaintiff an opportunity to defend himself from the allegation of theft. ECF No. 5 at 6 – 7. Plaintiff asserts that he suffered the following injuries as a result of those tortious actions: (1) an "unsatisfactory" rating was placed in Plaintiff's institutional file for an offense Plaintiff disputes he committed; (2) that Plaintiff's opportunity for institutional employment was limited as a result; and (3) that Plaintiff suffered undue or unjustifiable hardship. Id. at 9. Plaintiff claims that as a result of these actions, he was denied payment of $72.24 in wages, and suffered $100,000.00 in damages due to the defamation of his character. Id.

## III. LEGAL STANDARD

### A. Review of Complaints

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such complaint and submit findings and recommendations to the District Court. This Court is charged with screening Plaintiff's case to determine "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C. Actions Under the Federal Tort Claims Act (FTCA)

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b),

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them. In addition, Congress passed private bills that awarded compensation to persons injured by Government employees. But by the 1940s, Congress was considering hundreds of such private bills each year. Critics worried about the speed and fairness with which Congress disposed of these claims.
>
> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[3]

---

[3] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an

5

FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

## IV. ANALYSIS

As recognized by the Supreme Court in Brownback v. King, 141 S. Ct. at 746, an FTCA claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Here, Plaintiff cannot meet all six requirements necessary to maintain an FTCA action. Although Plaintiff appears to meet the first, and second requirements—his suit is against the United States, wherein he seeks $100,000.00 in total damages—he cannot meet all of the remainder of the elements for an FTCA cause of action.

Although Plaintiff claims he suffered a limited opportunity for gainful employment, that change in circumstances is not sufficient to be considered an injury for purposes of the FTCA. Accordingly, Plaintiff has failed to meet the third prong, because he failed to

assert a claim of injury or loss of property, or personal injury or death.

Further, to the extent that Plaintiff claims he was wrongfully terminated from his institutional employment based on an accusation of stealing, Plaintiff cannot demonstrate that his institutional termination was caused by the negligent or wrongful act or omission of any employee of the Government. Plaintiff's complaint and his memorandum filed in support both fail to name any government employee about whom Plaintiff complains. ECF Nos. 5, 5-1. Therefore, he fails to meet the fourth prong, and likewise the fifth prong, to demonstrate an FTCA cause of action.

Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Plaintiff's complaint fails to identify any individual federal agent who took specific action which constituted a violation of the Federal Tort Claims Act, or that Plaintiff suffered any physical injury as a result of either any action or omission by federal employees. Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added). Plaintiff's complaint does not allege enough facts to state a claim which is plausible on its face.

As noted above, because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller, 901 F.2d at 391. Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the agents of the Defendant committed a tort which

injured Plaintiff. Further, to the extent that Plaintiff alleges federal employees were responsible for the loss of his employment opportunities, Plaintiff fails to identify which federal employees were responsible for that loss, or allege how those federal agents caused the loss. Accordingly, the failure to plead his claims with specificity dooms Plaintiff's action, and the complaint should be dismissed.

Plaintiff has failed to demonstrate that any qualifying injuries he suffered were caused by the negligent or wrongful act or omission of any employee of the Government, as required by the third and fourth prong of the statute. Because Plaintiff must demonstrate that he meets all six prongs, the failure to meet any of the six parts of the tests is determinative. Accordingly, because Plaintiff fails to meet the third, fourth and fifth requirements of the statute, the Court need not address any other requirements. For these reasons, the complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint as to the United States of America be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   June 13, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

9