IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LUKE D. PATTERSON,**

       Plaintiff,

v.                                        **CIVIL ACTION NO.: 3:20-CV-74
(GROH)**

**UNITED STATES OF AMERICA,**

       Defendant.

## ORDER ADOPTING IN PART
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 56. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss with prejudice the Plaintiff's Complaint. After being granted an extension of time by this Court, the Plaintiff timely filed his objections to the R&R. ECF No. 63. Accordingly, this matter is now ripe for adjudication.

### I. Background

Luke D. Patterson ("Plaintiff"), acting pro se, filed a Complaint pursuant to the Federal Tort Claims ACT ("FTCA") while incarcerated at the Filmer Federal Correctional Institution. ECF No. 5. Therein, the Plaintiff alleges defamation of character, unlawful termination, and biasness of an equal opportunity employment. All three claims stem from an incident where the Plaintiff claims two correctional officers, identified only as McCarty and Turnes, accused him of theft without proof. After the accusation, the Plaintiff alleges

that he was not provided an opportunity to defend himself, and he was fired from his job.

The Plaintiff believes that the allegation has limited his ability to acquire gainful employment at FCI Gilmer. In terms of relief, the Plaintiff requests lost wages in the amount of $72.24 and damages in the amount of $100,000 related to the nature of his termination and defamation.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). More specifically, under this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

In his filing, the Plaintiff raises two objections to the magistrate's R&R. First, the Plaintiff objects to the magistrate's finding that all the elements of 28 U.S.C. § 1346(b) are not satisfied. Second, the Plaintiff objects to the magistrate's finding that the Plaintiff failed to identify any government employees in his complaint.

3

First, for a federal court to have jurisdiction over an FTCA claim, that claim must be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Here, both the Plaintiff and the magistrate agree that the first two elements are met.

The Plaintiff objects to the magistrate's finding that he failed to allege a proper injury, as required by the third element. In his objection, the Plaintiff asserts that defamation is a personal injury that is actionable under the FTCA. However, it is not. Both libel and slander, the two types of defamation, are specifically excluded from the FTCA. 28 U.S.C. § 2680(h). Therefore, this Court similarly finds that the Plaintiff has failed to satisfy the third element of § 1346(b).

Having failed to satisfy the third element, the Plaintiff has failed to satisfactorily raise a claim under the FTCA. Nevertheless, because the Plaintiff raises objections to the magistrate's finding on the fourth, fifth, and sixth elements as well, the Court will briefly address those objections as well. Regarding the fourth element, the Plaintiff alleges that FCI Gilmer breached its contract with the Plaintiff by classifying his employment as unsatisfactory through an "omission" of an employee. The Plaintiff provides no detail as to the terms of the contract between himself and FCI Gilmer. Without any detail to support his assertion, the Court cannot find that the fourth element has been satisfied.

In regard to elements five and six, the Plaintiff argues that his fulfillment of elements three and four also satisfy elements five and six. As this Court found that the

4

Plaintiff has not satisfied elements three or four, the Court similarly finds that the Plaintiff has failed to satisfy elements five and six. Accordingly, the Plaintiff's objection asserting that he has met all six elements of § 1346(b) is **OVERRULED**.

Second, regarding the Plaintiff's identification of government employees involved in his complaint, the Court finds that the Plaintiff did name two individuals in his complaint. On pages six and seven of his complaint, the Plaintiff provides the last names of two correctional officers: McCarty and Turnes. Therefore, the Plaintiff's objection to the magistrate's finding that he failed to identify any government employees in his complaint is **SUSTAINED**. While the Court sustains the Plaintiff's objection on this issue, the Court finds that it does not affect the recommended disposition in this matter because the Plaintiff has otherwise fallen short of alleging an FTCA claim.

### IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is hereby, **ORDERED ADOPTED IN PART.** The Court **DECLINES to ADOPT** the magistrate's finding that the Plaintiff failed to satisfy the fourth and fifth elements of an FTCA claim due to his failure to identify government employees in his complaint. Instead, the Court **FINDS** that the Plaintiff failed to satisfy all six elements of an FTCA claim due to the reasons explained above, as well as the other reasons provided by the magistrate that are unrelated to employee identification. For those reasons, the Court **ORDERS** that the Plaintiff's Complaint [ECF No. 5] be **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is **FURTHER DIRECTED** to mail a copy of this Order to the Plaintiff by

certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 12, 2023

*/s/ Gina M. Groh*
GINA M. GROH
UNITED STATES DISTRICT JUDGE